# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISA ROBINSON and MICHAEL ROBINSON, d/b/a River Valley Mobile Home Community,<br><br>Plaintiffs,<br><br>v.<br><br>THE TOWN OF OKAY OKLAHOMA, a municipal corporation, and<br>THE OKAY PUBLIC WORKS AUTHORITY, a public trust,<br><br>Defendants. | Case No. CIV-24-270-RAW-DES |

## ORDER

This action arises from a taking of private property for public use without just compensation. Specifically, Plaintiffs allege that in 2009, the Town of Okay via the Okay Public Works Trust sought to replace, reconstruct, and relocate sewer pipes on and through Plaintiffs' private mobile home park. There were no public sewer easements on the property, but Defendants went forward with the project anyway without permission from the property owners. Defendants caused extensive damage, resulting in sewage backup and loss of power to the residences in the mobile home park. Plaintiffs sought the Town's assistance in repairing the damage, but the Town refused. Ultimately, the repairs cost Plaintiffs tens of thousands of dollars.

In 2009, Plaintiffs filed an inverse condemnation claim against the Town in state court.[*] In 2012, after discovering that the Trust was the responsible entity, they dismissed the case and filed a new petition against the Town and the Trust. Plaintiffs did not include any federal claims, as they did not believe that such claims were ripe. In 2013, the Town was dismissed, as it was determined that the Trust took and damaged the property. After a jury trial, Plaintiffs prevailed and were awarded $73,350.00 in just compensation for the taking and damage to the property. The Oklahoma Court of Civil Appeals vacated the verdict and judgment, but on March 8, 2022, the Oklahoma Supreme court reversed the Court of Appeals and affirmed the verdict and judgment. In August 2022, Plaintiffs were awarded $88,681.00 in attorney fees and costs.

In November 2022, Plaintiffs sought to collect on their judgment. In March 2023, however, Plaintiffs discovered that the Trust had no money or real estate and that revenue collected by the Trust was deposited directly into a bank account owned and operated by the Town. Plaintiffs filed the current action on July 20, 2024, alleging "an ongoing and unremedied Fifth Amendment violation" for the taking. Plaintiffs bring Fifth Amendment claims "directly under the U.S. Constitution" and "through 42 U.S.C. § 1983" against both the Town and the Trust.

Now before the court is the Defendants' motion to dismiss [Docket No. 14], as well as the subsequent response, reply, and sur-replies [Docket Nos. 21, 22, 25, and 28]. Also before the court is the Report and Recommendation ("R&R") issued by Magistrate Judge D. Edward Snow, recommending that the motion to dismiss be granted [Docket No. 33], as well as the subsequent objection, response, and reply [Docket Nos. 34, 35, and 39].

---

[*] As noted in the R&R, Vicky Barnett, Melissa Robinson's mother, was the named Plaintiff in the state court lawsuit. It is not in dispute that Vicky was the property owner at the time and that Melissa controlled the litigation, was managing the property, and owned all rights and claims related to the property.

"A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott, Pennsylvania*, 588 U.S. 180, 185 (2019). "'[T]he act of taking' is the 'event which gives rise to the claim for compensation.'" *Id*. at 190 (citation omitted). "The Fifth Amendment right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner." *Id*. It is undisputed that the taking in this case occurred in 2009.

The *Knick* Court overruled the state-litigation requirement of *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). Plaintiffs argue in their briefing on the motion to dismiss and the R&R that in 2009 under *Williamson County*, their Fifth Amendment claims were not ripe – that they were required to first exhaust their state court remedies. Plaintiffs are mistaken. The Magistrate Judge is correct that even in 2009 when this taking occurred, there was sufficient authority that would allow Plaintiffs to proceed with a Fifth Amendment claim despite the ruling in *Williamson County*. In fact, even in *Knick*, the Supreme Court noted that "[j]ust two years after *Willamson County*, in *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), the Court returned to the understanding that the Fifth Amendment right to compensation automatically arises at the time the government takes property without paying for it." *Id*. at 191-92.

Moreover, Plaintiffs were awarded just compensation in state court, and Plaintiffs have cited no authority giving this court new jurisdiction over this case simply because the judgment awarded remains unpaid. As cited in the R&R, the Supreme Court has "repeatedly held . . . that issues actually decided in valid state-court judgments may well deprive plaintiffs of the 'right to have their federal claims relitigated in federal court.'" *San Remo Hotel, L.P. v. City and County*

*of San Francisco, Cal.*, 545 U.S. 323 (2005) (citation omitted). "This is so even when the plaintiff would have preferred not to litigate in state court, but was required to do so by statute or prudential rules." *Id*. (citation omitted). "The relevant question in such cases is not whether the plaintiff has been afforded access to a federal forum; rather, the question is whether the state court actually decided an issue of fact or law that was necessary to its judgment." *Id*.

*Knick* does not support Plaintiffs' assertion that their claims were tolled until they determined that they could not collect on their judgment. As Magistrate Judge Snow notes, whether a judgment is satisfied is not an element to any of Plaintiffs' causes of action. The action accrued when the taking occurred in 2009. None of Plaintiffs' citations support their theory that the taking continues until the judgment is paid and that they can now bring another suit in federal court. Magistrate Judge Snow is correct that the statute of limitations for any claims Plaintiffs may have had under the Fifth Amendment have long passed.

After a *de novo* review, the court determines that the Report and Recommendation is well-supported by the prevailing legal authority. The Report and Recommendation [Docket No. 33] is hereby affirmed and adopted as this court's Findings and Order. Defendants' motion to dismiss [Docket No. 14] is hereby granted.

**IT IS SO ORDERED** this 28th day of August, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**